Irene FLEEHR and James Fleehr

v.

Harry J. MUMMERT, Sr., Malone Freight Lines, Inc. and Crst International, Inc.

Appeal of: Harry J. Mummert, Sr.

Harry J. Mummert, Sr.

v.

James M. Fleehr.

Superior Court of Pennsylvania.

Argued Feb. 24, 2004.
Filed July 15, 2004.
Reargument Denied Sept. 27, 2004.

Daniel L. Hessel, Philadelphia, for appellant.

Paul A. Hilko, Pittsburgh, for appellee.

Before: DEL SOLE, P.J., MUSMANNO and ORIE MELVIN, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from a trial court order denying Appellant's preliminary objections which sought dismissal of a personal injury action against him and

claimed that service was not effectuated before the· expiration of the statute of limitations. The trial court in its order specifically found that its decision presented a substantial issue of· jurisdiction, prompting this immediate appeal as of right pursuant to Pa.R.A.P. 311(b)(2).

¶ 2 This matter arises as a result of a motor vehicle accident which occurred on July 12, 1999, between a vehicle being driven by James Fleehr and a truck owned by Malone Freight Lines, Inc., and driven by Harry Mummert, in the course of his employment with CRST International, Inc. On May 26, 2000, Mummert in his own capacity and represented by Alyssa McCarthy brought an arbitration action against Fleehr seeking to recover $8019.91 in damages to the truck. On November 29, 2000, Fleehr and his wife filed a complaint against Mummert, Malone Freight Lines, Inc. and CRST International seeking recovery for personal injury damages. McCarthy was provided with a copy of this complaint. In a letter written the next day by McCarthy to a claim representative for 1st Guard Adjustment Company she asked whether they wished for her to accept service of the Fleehrs' complaint on behalf of Malone Freight Lines and/or on behalf of CRST International. She wrote "Obviously, I will accept service on behalf of Mr. Mummert." She further noted that a motion to consolidate was to be presented on December 1, 2000, and that, per previous discussions, she had "no objection to the consolidation of our arbitration matter with the matter filed by [Fleehr]." She further advised that the arbitration hearing scheduled for December 5, 2000, would be cancelled.

¶ 3 On December 1, 2000, counsel for both parties appeared before Judge Wettick. An uncontested motion to consolidate both the arbitration matter seeking property.damage recovery and the person-al injury action was presented to Judge Wettick and granted. The Fleehrs' complaint was later reinstated and ultimately served on all three defendants in February of 2002. Thereafter all three defendants in the Fleehr action filed preliminary objections "by and through their attorney, Marceline A. Lavelle." They asserted that no service was made by Fleehr before the expiration of the statute of limitations which occurred on July 12, 2000, and they sought to have the Fleehr action dismissed. The trial court sustained the preliminary objections as to Malone Freight Lines, Inc. and CRST International, Inc., but overruled Mummert's preliminary objections. Mummert sought reconsideration of the court's order attaching his own affidavit as well as that of McCarthy. The court timely granted reconsideration, but then affirmed its prior ruling, noting that a significant jurisdictional issue was present. This appeal followed.

■■■ ¶ 4 On appeal Appellant questions whether the actions of McCarthy operated as an acceptance of service for Mummert. We conclude they did and we affirm the trial court's ruling.

¶ 5 Appellant argues McCarthy was authorized as his counsel only with regard to the arbitration action he filed and was unauthorized to act on his behalf and accept service of a separate complaint. He claims that under the rule of *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992), an attorney who represents a client in one action is not authorized to accept service of process in a separate action, even where they are related. He further suggests that her tacit acceptance of service without signing an acceptance of service form under Pa.R.C.P. 402(b) was invalid.

¶ 6 In *LaSalle* a landlord confessed judgment against his· commercial tenant pursuant to a warrant of attorney con-

tained in the lease. The judgment was thereafter opened on petition filed by a lawyer employed by the tenant to represent him in that proceeding. The matter remained unresolved and the landlord then filed a second action against the tenant, seeking the same damages which had been asserted in the prior proceeding. Service of the second complaint was made upon the attorney who filed the petition to open in the first action and a notice of intent to enter a default judgment was also served upon him. Default judgment was entered and the tenant's motion to strike the default judgment was denied. On appeal the court noted that in "the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." *Id.* at 449. The court found that the rules do not authorize service of initial process upon a defendant by serving a copy to the lawyer who happens to represent the defendant in a separate action. *Id.* The court ultimately concluded that the record did not permit a finding that the tenant either waived his right to be served with original process or authorized his lawyer in a separate action to accept service of original process on his behalf. Because of this deficiency, the court ruled that there was a defective record which failed to support the entry of a default judgment against the tenant and reversed. *Id.* at 450.

¶ 7 While Appellant properly notes that in *LaSalle* it was recognized that counsel in one action cannot accept service on behalf of his client in a separate and distinct matter for which counsel has not been employed, he fails to appreciate that *LaSalle* recognizes that effective service of process may be obtained through waiver or consent. *See id.; Cox v. Hott,* 246 Pa.Super. 445, 371 A.2d 921 (1977). Jurisdiction of the person may be obtained through consent, waiver or proper service

of process. *Radakovich v. Weisman,* 241 Pa.Super. 35, 359 A.2d 426, 429 (1976). One can waive service of process by various means, and become a party to a suit by voluntary appearance. *Vandegrift v. Knights Road Industrial Park, Inc.,* 490 Pa. 430, 416 A.2d 1011, 1013 (1980). A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes "some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493, 499 (1984).

¶ 8 In this case, Appellant authorized McCarthy to act on his behalf and file his claim for property damages against Fleehr. While acting in this position McCarthy went before the court and agreed to consolidate Appellant's arbitration action with the Fleehrs' personal injury action. Counsel's actions were taken on Appellant's behalf and must be seen as recognition of acceptance of the Fleehrs' complaint, for absent such there was nothing to consolidate. Further, the Fleehrs' complaint could have been filed as a counterclaim along with an answer in Mummert's action, as they are based upon the same factual circumstance. Had it been filed as such, there would be no question of service.

¶ 9 It is clear that Mummert personally authorized McCarthy to represent him. In properly undertaking such action, she acted as she had a right to do on behalf of her client, and accepted service of the complaint on her client's behalf by virtue of her actions before the court in seeking consolidation.

¶ 10 In conclusion, we find McCarthy was authorized to act on behalf of Mummert at a time when she took affirmative action to show consent to the trial court's

general in personam jurisdiction. Questions raised by Mummert regarding McCarthy's failure to file a document under Pa.R.C.P. 402(b) to support acceptance of service are not at issue where formal service of process was not sought, but rather service was obtained by consent to the court's jurisdiction.

¶ 11 Order affirmed.