**Jeanne S. DI LORETO**

v.

**William F. COSTIGAN, Esquire; Eric R. Dinalo; Mark J. Peters; Andrew J.J. Lorin (E.D. Pa. No. 2–08–cv–00989).**

**Jeanne S. Di Loreto**

v.

**Insurance Department of the State of New York; William F. Costigan, Esquire; Eric R. Dinalo; Mark G. Peters; Andrew J.J. Lorin (E.D. Pa. No. 2–08–cv–00990).**

**Jeanne S. Di Loreto, Appellant.**

**No. 09–1812.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 5, 2009.

Filed: Nov. 6, 2009.

748

Clifford E. Haines, Esq., Haines & Associates, Philadelphia, PA, for Jeanne S. Di Loreto.

William F. Costigan, Esquire, Dornbush, Schaeffer, Strongin & Venaglia, New York, NY, Arthur W. Lefco, Esq., Aaron E. Moore, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Insurance Department of the State of New York; William F. Costigan, Esquire; Eric R. Dinalo; Mark G. Peters; Andrew J.J. Lorin.

Before: SCIRICA, Chief Judge, JORDAN and COWEN, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Appellant Jeanne S. Di Loreto appeals from a February 19, 2009 order of the United States District Court for the Eastern District of Pennsylvania dismissing her complaints in two civil actions. She also appeals from an August 29, 2008 order of the District Court refusing to remand her cases to the Court of Common Pleas. For the following reasons, we will affirm.

## I. Background

Mrs. Di Loreto and her husband controlled Ardra Insurance Company Ltd. ("Ardra"), which purportedly provided reinsurance coverage for another company called Nassau Insurance Company ("Nassau"). Nassau was at one time presided over by Mr. Di Loreto as President, but it went into liquidation under the authority of the Insurance Department of the State of New York ("NYSID"). Shortly thereafter, in 1985, the NYSID Superintendent, in his capacity as Nassau's Liquidator, sued Ardra in New York state court for reinsurance moneys owed to Nassau. In the same suit, he sought recovery from the Di Loretos in their individual capacities, on the theory that Ardra was their alter ego. William Costigan was the attorney representing the Liquidator throughout those proceedings. The Di Loretos were represented by attorneys from the Philadelphia office of the law firm Pepper Hamilton, LLP.

The Liquidator finally prevailed at trial in April of 2002, obtaining a judgment for approximately $20 million (the "New York judgment"), and he also prevailed on appeal.[1] *Serio v. Ardra Ins. Co.*, 100 N.Y.2d

---

1. At trial, the jury deadlocked on the issue of Mrs. Di Loreto's liability. The trial judge determined that once six of the eight deliberating jurors reached agreement, their decision would constitute the jury's verdict on the claims against Mrs. Di Loreto. On appeal, Mrs. Di Loreto asserted that the verdict was rendered by a constitutionally defective jury because the New York constitution requires agreement of at least five-sixths of the jurors deliberating to render a civil verdict and six out of eight jurors equals less than five-sixths. N.Y. Const. Art. 1, § 2 ("The legislature may provide . . . that a verdict may be rendered by not less than five-sixths of the jury in any civil case."); NY. C.P.L.R. 4113 ("A verdict may be rendered by not less than five-sixths of the jurors constituting a jury."). The Appellate Division of the New York Supreme Court concluded that the argument was waived saying "[t]he record discloses that the [Di Loretos] consented to a verdict rendered by six of eight jurors." (App. at 281a.) The Appellate Division also affirmed the judgment, concluding that "the proof showed that the DiLore-

516, 769 N.Y.S.2d 202, 801 N.E.2d 423 (N.Y.2003) (denying leave to appeal); *Serio v. Ardra Ins. Co.*, 100 N.Y.2d 576, 764 N.Y.S.2d 385, 796 N.E.2d 477 (N.Y.2003) (dismissing appeal). He then filed the New York judgment in Chester County, Pennsylvania, as a lien against property that the Di Loretos owned there, though he did not then seek to execute on the lien.

In 2005, Mrs. Di Loreto, unhappy with the outcome of the New York litigation, sued Pepper Hamilton. She filed the malpractice action in the Court of Common Pleas of Philadelphia County, and her lawyer in that case discussed with the Liquidator the possibility of satisfying the New York judgment out of the proceeds of the recovery Mrs. Di Loreto hoped to obtain from Pepper Hamilton. Some time after that, the Liquidator sought to execute on the Chester County lien through a sheriff's sale, and also attempted to garnish any proceeds from Mrs. Di Loreto's malpractice suit.

Mrs. Di Loreto succeeded in having the sheriff's sale stayed pending the resolution of the malpractice suit. However, when the suit settled, progress towards a final resolution of the Liquidator's claims against Ardra and the Di Loretos hit another delay when Pepper Hamilton refused to disburse the settlement moneys because of the garnishment. There were further moves and countermoves in the Liquidator's effort to collect against Mrs. Di Loreto, which culminated in the filing by Mrs. Di Loreto of two essentially identical lawsuits in Pennsylvania, one in the Court of Common Pleas for Philadelphia County (the "Philadelphia lawsuit") and one in the Court of Common Pleas of Chester County (the "Chester County lawsuit"), naming as defendants the appellees in the present appeal, who are certain employees of the

tos, through their control of Ardra, deprived it of the funds needed to meet its reinsurance

NYSID ("NYSID employees") and Costigan. The Chester County lawsuit included the NYSID itself as a defendant, and the NYSID is also an appellee in the present matter.

Mrs. Di Loreto's substantively identical complaints sought to prevent execution on the New York judgment because, she said, it "was obtained in violation of [her] due process rights." (App. at 2a–3a, 345a.) She also sought compensatory and punitive damages. The complaints assert the following claims: (1) a claim pursuant to 42 U.S.C. § 1983 for violation of Mrs. Di Loreto's due process rights, based on Appellees' procurement of the allegedly defective New York judgment; (2) a § 1983 claim for violation of Mrs. Di Loreto's equal protection rights; (3) a claim for abuse of process, based on, among other things, the filing of the garnishment suit for the alleged purpose of harassing Mrs. Di Loreto and pressuring her into settlement; (4) a claim for intentional infliction of emotional distress; and (5) a claim for declaratory judgment that the New York judgment is invalid.

On January 25, 2008, Mrs. Di Loreto initiated the Chester County lawsuit by filing a summons and a complaint. Two of the NYSID employees and the NYSID itself were served on January 29, 2008, and the remaining NYSID employee was served on February 11, 2008. Those defendants had also been served with the Philadelphia lawsuit as of the same dates. Di Loreto attempted to serve Costigan in the Chester County lawsuit by serving an attorney who had entered an appearance on his behalf in the Philadelphia lawsuit, but the attorney refused to accept service for Costigan.

On February 26, 2008, Costigan emailed counsel for Mrs. Di Loreto stating:

obligations." (App. at 281a.)

I refer to the Philadelphia and Chester County actions you have commenced on behalf of Jeanne S. DiLoreto against me and other defendants. I understand you have asked [my attorney] to accept service on my behalf. Be advised that I will be appearing *pro se* in the cases and that I acknowledge service of both complaints effective today. I[sic] you require something more formal, just send it to me.

(App. at 930a.) That same day, the NYSID employees removed both cases to federal court pursuant to 28 U.S.C. § 1441. Although both notices of removal asserted that all defendants had consented to removal, neither notice included proof of Costigan's consent, and the Chester County notice did not include proof of the NYSID's consent.

On March 7, 2008, Mrs. Di Loreto's counsel sent Costigan a letter enclosing an acceptance of service form for Costigan to complete "as a more formal record that [he had] officially been served." (App. at 931a.) On March 27, 2008 Di Loreto filed motions to remand both cases to the state courts. Four days later, on March 31, 2008, Costigan signed the acceptance of service form and returned it to counsel. He also filed a "consent to removal" in the Philadelphia lawsuit and a notice of removal in the Chester County lawsuit which included as an exhibit the NYSID and NYSID employees' consent to removal.

After much argument from the parties, the District Court denied the motions to remand. With respect to the Chester County lawsuit, the District Court concluded that Costigan did not waive service until he signed the acceptance of service form. The Court further decided that the matter had been properly removed because Costigan was the last defendant served and his notice of removal was timely, as measured from the time he was served. As to the Philadelphia lawsuit, the District Court concluded that the NYSID employees properly removed the case because Costigan had not been served with the complaint at the time the NYSID employees petitioned for removal, rendering his consent unnecessary.

While the motions to remand were outstanding, the NYSID employees and Costigan filed separate motions to dismiss the Philadelphia and Chester County lawsuits. The NYSID also moved to dismiss the Chester County lawsuit. The District Court ultimately dismissed both actions, concluding that it lacked personal jurisdiction over the NYSID and the Liquidator to the extent he was sued in his official capacity, that it lacked personal jurisdiction over Costigan, that the New York judgment was entitled to full faith and credit, which precluded Mrs. Di Loreto's due process claim, and that Mrs. Di Loreto failed to state a claim on all remaining counts.[2] Mrs. Di Loreto timely appealed.

## II. Discussion[3]

On appeal, Mrs. Di Loreto challenges the District Court's refusal to remand the Chester County lawsuit to the Court of Common Pleas.[4] She further asserts that

2. Although it did not explicitly say so, the District Court's conclusion that the New York judgment is valid clearly disposed of Mrs. Di Loreto's request for declaratory judgment in addition to her due process claim.

3. The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Jurisdiction also depended upon the validity of removal, which is discussed herein. Our jurisdiction is based on 28 U.S.C. § 1291.

4. In her opening brief, Mrs. Di Loreto asserts that the District Court's refusal to remand was erroneous, however, she only discusses the Court's analysis with respect to the Chester County lawsuit. Accordingly, she has waived any arguments as to the Philadelphia lawsuit, despite her attempts to revive them in

the District Court's conclusions that it lacked personal jurisdiction over the NY-SID and Costigan were erroneous. Finally, she contends that the District court erred in extending full faith and credit to the New York judgment, thereby disposing of her due process claim.[5] We agree with the District Court that Costigan's notice of removal was timely filed and that the removal of the Chester County lawsuit was therefore appropriate. We further conclude that Mrs. Di Loreto's due process claim was properly dismissed because the New York judgment is entitled to full faith and credit.[6]

### A. The Chester County Lawsuit was Properly Removed

We exercise plenary review over a district court's determination that removal was proper. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir.2005). A notice of removal in a civil action must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court interpreted this provision to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service. *See id.* at 350, 119 S.Ct. 1322 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a

---

her reply brief. *See Laborers' Int'l Union of N. Am., AFL–CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court.") (internal quotations omitted).

5. Mrs. Di Loreto does not appeal the District Court's dismissal of her equal protection claim, which asserted that Costigan pursued the Liquidator's claim against Mrs. Di Loreto "based on her status as a woman," nor does she appeal the dismissal of her intentional infliction of emotional distress claim. (App. at 24a–25a, 368a.) In addition, although she vaguely references her abuse of process claim in her discussion of the District Court's analysis of its personal jurisdiction over Costigan, she does not confront the Court's dismissal of that claim. Thus, she has also waived that issue on appeal.

6. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). In this case, two of the five defendants—the NYSID and Costigan—asserted lack of personal jurisdiction as a defense to Mrs. Di Loreto's lawsuits. Since we have jurisdiction over the remaining three defendants, we can dispose of these matters without addressing personal jurisdiction as to the other two, as we would have to address the merits of Mrs. Di Loreto's claims regardless of our jurisdiction over the NYSID and Costigan. *See Philbrook v. Glodgett*, 421 U.S. 707, 721–22, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975) (declining to address jurisdictional issue because "the substantive issue decided by the District Court would have been decided by that court even if it had concluded that the Secretary was not properly a party to the suit, since appellant Philbrook was clearly a proper party ... and the statutory issues raised by appellees' claim against Philbrook were indistinguishable from those raised by their claim against the Secretary."), *superseded by statute on other grounds*, Unemployment Compensation Amendments of 1976, Pub.L. 94–566, 90 Stat. 2667.

party the complaint names as a defendant.")

When there is more than one defendant, the "rule of unanimity" requires that all defendants consent to the removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). Moreover, it has been accepted that "the last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired." *Cmiech v. Electrolux Home Prods., Inc.*, 520 F.Supp.2d 671, 676 (M.D.Pa.2007).[7] The parties do not challenge the application of this "last-served defendant" rule by the District Court.

Since Costigan was never officially served in accordance with the Pennsylvania Rules of Civil Procedure, we must determine when he waived service so as to trigger his removal period. *See Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa.Super.Ct.2004) ("[E]ffective service of process may be obtained through waiver or consent."). Di Loreto asserts that Costigan's February 26, 2008 email constituted a waiver of service, rendering untimely his removal of the matter more than thirty days later. Appellees assert that the District Court correctly concluded that waiver of service did not occur until March 31, 2008, when Costigan signed and returned the acceptance of service form sent to him by counsel for Mrs. Di Loreto.

Pennsylvania Rule of Civil Procedure 402(b) allows a defendant or his agent to waive service of process by completing an acceptance of service form. A defendant may also waive process if he "manifests an intent to submit to the court's jurisdiction ... [by] tak[ing] 'some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" *Fleehr*, 857 A.2d at 685 (*quoting Cathcart v. Keene Indus. Insulation*, 324 Pa.Super. 123, 471 A.2d 493, 499 (1984)). For example, in *Fleehr v. Mummert*, the Pennsylvania Superior Court concluded that defense counsel's appearance in court on a motion to consolidate the plaintiff's case with a related arbitration evidenced the defendant's intent to waive formal process and submit to the court's jurisdiction. 857 A.2d at 685 ("Counsel's actions were taken on Appellant's behalf and must be seen as a recognition of the ... complaint, for absent such there was nothing to consolidate.").

---

7. Although the law is not entirely settled, recent authority supports the last-served defendant rule. *See, e.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) (noting, in adopting the rule, that "the trend in recent case law favors the last-served defendant rule"); *Marano Enters. of Ks. v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir.2001) ("We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999) ("[W]e hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants.") (footnote omitted); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3731 (4th ed. 2009) ("Other courts of appeals, as well as many district courts, also now have rejected the first served defendant rule in construing Section 1446(b)") (footnotes omitted). In addition to *Cmiech*, other decisions from courts in our circuit have followed this approach. *See Shadie v. Aventis Pasteur, Inc.*, 254 F.Supp.2d 509, 515 (M.D.Pa.2003) (adopting last-served defendant rule); *Orlick v. J.D. Carton & Son, Inc.*, 144 F.Supp.2d 337, 343 (D.N.J.2001) (same). The parties in this case accept that the rule is applicable and, while we will leave a definitive decision on the issue for another day, for purposes of this case at least, we agree.

By contrast, in *Cmiech v. Electrolux Home Products, Inc.,* counsel for plaintiff sent an acceptance of service form to defense counsel, but never followed up on the matter. 520 F.Supp.2d at 673, 676. Thereafter, defense counsel engaged in discussions with plaintiff's counsel regarding extensions of time and, according to the plaintiff, represented that they had authority to accept service for the defendant in question. *Id.* at 673. The District Court concluded that, despite counsels' discussions, service was not waived until defense counsel completed the acceptance of service form. *See id.* at 676. Since counsels' behavior was directed at plaintiff's counsel, and not at the court itself as in *Fleehr,* it was insufficient to waive service. 520 F.Supp.2d at 675.

Although Costigan's email message of February 26, 2008 can be read as evincing an intent to forego an objection to formal service, we cannot say that the District Court erred in concluding that the email was insufficient to constitute a waiver of service. Costigan's informal email does not mention anything regarding the merits of the Philadelphia lawsuit or Chester County lawsuit. In addition, as in *Cmiech,* Costigan was not interacting with the court so as to permit an inference that he was submitting to the court's jurisdiction without challenge. Accordingly, the first clear indication that Costigan would forego any challenge to the defective service was when he signed the acceptance of service form on March 31, 2008. Since he removed the Chester County lawsuit to federal court that same day, with proof of the other defendants' consent, removal was proper under the last-served defendant rule.

### B. The New York Judgment is Enforceable

On appeal, Mrs. Di Loreto challenges the dismissal of her due process claim, asserting that, when the District Court concluded that the New York judgment is entitled to full faith and credit, it "fail[ed] to examine the circumstances surrounding the New York Judgment and fail[ed] to give Mrs. Di Loreto all reasonable inferences in her favor." (Appellant's Op. Br. at 36.) A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found. Indus. Initiative,* 549 F.3d 605, 610 (3d Cir.2008). In determining whether dismissal is appropriate, the court may consider exhibits attached to the complaint and matters of public record. *Pension Ben. Guaranty Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1197 (3d Cir. 1993). "We exercise plenary review over a district court's decision to grant a motion to dismiss...." *DeHart v. Horn,* 390 F.3d 262 (3d Cir.2004).

The key question is whether there is any flaw in the New York judgment that gives rise to a due process claim, for, in the absence of such a flaw, we "must give the same preclusive effect to a state court judgment as another court of that state would...." *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 141 (3d Cir.1999); *see also* 28 U.S.C. § 1738; *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). "Due process requires that a party have a full and fair opportunity to litigate their case." *Peduto v. City of N. Wildwood,* 878 F.2d 725, 728 (3d Cir.1989) (*citing Kremer,* 456 U.S. at 480–81, 102 S.Ct. 1883). Although the requirements of due process are context-specific, due process is generally comprised of:

(1) notice of the basis of the governmental action; (2) a neutral arbiter; (3) an opportunity to make an oral presentation; (4) a means of presenting evidence; (5) an opportunity to cross-examine witnesses or to respond to written evidence; (6) the right to be represented by counsel; and (7) a decision based on the record with a statement of reasons for the result.

*Rogin v. Bensalem Twp.*, 616 F.2d 680, 694 (3d Cir.1980).

Mrs. Di Loreto does not complain that New York state court procedures, or a lack thereof, failed to provide her the protections safeguarded by the Due Process clause of the United States Constitution. She instead argues that the New York judgment was rendered without due process because "the Liquidator brought a lawsuit against [her] with virtually no evidence," and because "the case was decided by an unconstitutionally defective jury, ... defended by a negligent attorney who was representing both Di Loretos, and ... was pursued by a manipulative prosecutor." (Appellant's Op. Br. at 38.) According to Mrs. Di Loreto, the District Court's failure to account for these factors rendered erroneous its conclusion that the judgment was enforceable.

Despite those protestations, we find no error in the District Court's analysis. Mrs. Di Loreto had a full and fair opportunity to defend against the Liquidator's claims. Her complaints and the attached exhibits conclusively establish that she was represented by counsel, had an opportunity to conduct discovery and present evidence and argument at trial, received a trial before a neutral judge and jury, and had the opportunity to challenge the jury's verdict on appeal with the assistance of counsel. Moreover, on appeal to the Appellate Division of the New York Supreme Court, Mrs. Di Loreto argued for reversal of the judgment on grounds that there was insufficient evidence against her and that only six of eight jurors had rendered the verdict—the very arguments she advances in this case. The Appellate Division reviewed the record and considered those arguments, concluding that sufficient evidence supported the judgment and that Mrs. Di Loreto had waived any objection to the manner in which the verdict was rendered. In short, the New York proceedings bear all of the hallmarks of due process. That Mrs. Di Loreto lost her case does not mean her constitutional rights were violated.[8]

Her assertions to the contrary notwithstanding, it is clear that Mrs. Di Loreto seeks to use the present proceedings as a vehicle for rearguing claims that have been extensively litigated in New York and fairly passed upon by the courts of that state. As is evident from the voluminous attachments to her complaints in the Philadel-

---

**8.** Furthermore, whether Mrs. Di Loreto's attorneys were negligent in representing her in the New York action—a matter as to which we neither state nor imply any conclusion at all—has no bearing on the validity of the judgment against her. There is no right to effective assistance of counsel in a civil case, as there is in a criminal case. *See Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir.1980) ("An aggrieved party in a civil case, involving only private litigants unlike a defendant in a criminal case, does not have a constitutional right to the effective assistance of counsel. The remedy in a civil case, in which chosen counsel is negligent, is an action for malpractice.") (internal quotations omitted). Mrs. Di Loreto had and took the opportunity to sue her attorneys for legal malpractice. Her settlement of that claim compensates her to the extent that any malpractice might have tainted the New York proceedings. Also irrelevant is the fact that the Liquidator vigorously pursued his case against Mrs. Di Loreto. The Liquidator was entitled to prosecute a legitimate claim to the extent provided by the law and subject to the rulings of the trial judge.

phia lawsuit and the Chester County lawsuit, including deposition testimony and trial transcripts from the New York litigation, Mrs. Di Loreto is inviting us to function as a state appellate court and overturn the New York judgment. That, however, is something we cannot do. *Cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (complaints that "invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments" are "out of bounds").

Mrs. Di Loreto has had over two decades of legal process that more than comports with the dictates of our Constitution. The New York judgment is enforceable,[9] which requires us to affirm the District Court's dismissal of the removed cases. We therefore need not address the remaining arguments on appeal.

## III. Conclusion

Costigan's notice of removal was timely filed and the Chester County lawsuit was therefore properly removed pursuant to the last-served defendant rule. The New York judgment was not procured in violation of Mrs. Di Loreto's due process rights and it is therefore entitled to full faith and credit. Accordingly, we will affirm the judgment of the District Court.

---

9. Even if Mrs. Di Loreto had preserved her abuse of process claim on appeal, our conclusion that the New York judgment is valid would also dispose of that claim, since use of process for a legitimate reason—to secure collection on a valid judgment—does not constitute abuse of process. *See Rosen v. Am. Bank of Rolla*, 426 Pa.Super. 376, 627 A.2d 190, 193–94 (1993) (bank's subpoena of plaintiff during discovery in aid of execution on a valid judgment did not constitute abuse of process, regardless of whether subpoena was properly served, because plaintiff had information relevant to bank's attempt to execute).