J-A18013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R. MARTIN COMPANIES, INC. T/D/B/A MARTIN CONSTRUCTION COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL T. FOSTER, MICHAEL T. FOSTER, ERIKA J. KIRKPATRICK | |
| APPEAL OF:  MICHAEL T. FOSTER | No. 1357 MDA 2015 |

Appeal from the Order Entered July 14, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 10-6048

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 13, 2016**

Appellant, Michael T. Foster, appeals from the trial court's July 14, 2015 order, dismissing with prejudice Appellant's amended counterclaim and joinder complaint due to Appellant's failure to serve and failure to prosecute.[1]  We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> [Appellant], Michael Foster, filed a joinder complaint against [Appellee], R. Martin Companies, Inc. and joinder [Appellees], Raymond Martin, John Scully, David Martin, Daryl Martin, Siber Boada, John/Jane Doe-1, and John/Jane Doe-2. The attorney for the joinder [Appellees] entered a limited appearance for the purpose of filing preliminary objections. Except for [Appellee], the other additional [Appellees] never had

---

[1] This order was dated July 7, 2015, but was not docketed until July 14, 2015.

*Former Justice specially assigned to the Superior Court.

service of process effectuated on them. On May 31, 2011, additional [Appellees] filed preliminary objections on the ground that [Appellant] had not served them in the manner required by the Pennsylvania Rules of Civil Procedure.

On June 20, 2011, [Appellant] filed an amended joinder complaint which did not address any of the additional [Appellees'] preliminary objections; therefore, additional [Appellees] again filed preliminary objections. On August 3, 2011, [Appellant] filed a combined document entitled Third Amended Answer, New Matter and Counterclaim with the Amended Joinder Complaint. This pleading again failed to address any of the additional [Appellees'] objections and was still not served on the additional [Appellees].

On September 14, 2011, [Appellant] filed a Fourth Answer, New Matter and Counterclaim and Joinder Complaint which was again not served on any of the additional [Appellees] and on counsel of record for [Appellee].

Additional [Appellees] filed preliminary objections to this pleading. Their attorney entered a limited appearance for the purpose of objecting to the joinder. They asserted that the joinder was improper because they were not served pursuant to Pa. R.C.P. [] 2252 which mandates that a joining party file and serve a complaint in the manner required of original process. This was the fourth time that this objection was raised by the additional [Appellees]. [Appellant] filed his document with the Prothonotary without providing a copy to [Appellee's] counsel, so [Appellee] also was not served.

[Appellant's] answer to the preliminary objections was that there is neither a law nor a rule setting a time frame for service. [Appellant] admitted in paragraph 4 of his answer that he did not serve the parties. [Appellant] argued that the additional [Appellees] wanted to run up costs by objecting to service instead of just filing an answer.

This court scheduled argument on July 6, 2015 for [Appellee's] and the additional [Appellees'] preliminary objections. This court issued its order on July 7, 2015, and it was docketed on July 14, 2015. On August 3, 2015, [Appellant] filed a motion for reconsideration which this court denied on August 10, 2015, after the undersigned had returned from a one

- 2 -

week vacation. The denial was docketed on August 12, 2015. On August 3, 2015, [Appellant] also filed an amended motion for reconsideration which this court denied on August 12, 2015. On August 6, 2015, [Appellant] filed a Notice of Appeal while the motions for reconsideration were still pending and this court was on vacation out-of-state.

Trial Court Opinion (TCO), 9/25/15, at 1-3.

Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). However, Appellant did not comply with the requirements of Rule 1925(b), which sets forth that the statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." **See** Pa.R.A.P. 1925(b)(4)(ii). Further, it is well-established that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all. Even if the trial court correctly guesses the issues [the] [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002) (internal citations and quotations omitted).

Here, the trial court explained:

This court directed [Appellant] to file a Concise Statement of Errors Complained of on Appeal. [Appellant] filed a document entitled 'Rule 1925(B) Statement' which states that the Order dated July 7, 2015 and filed with the Prothonotary on July 14, 2015 contains 'rulings and the errors complained of on appeal.' The Statement has a section entitled 'Sufficient Detail to Identify Pertinent Issues.'

[Appellant's counsel] seems to believe that the Pennsylvania Rules of Civil Procedure do not apply to him. Rule 204.1 mandates that the text be double spaced. [Appellant's] documents are single spaced. Rule 206.1(c) provides that a petition must be divided into paragraphs numbered consecutively and that each paragraph should contain, as far as practicable, only one material allegation. [Appellant's] documents do not contain any numbered paragraphs. The issues are jumbled together and are confusing[,] which this court believes is done deliberately. All Pennsylvania attorneys operate under the same time constraints and all the others can follow the mandated rules. This court submits that [Appellant's] appeal should be dismissed because he failed to preserve adequately any issues in these nonconforming and obfuscatory documents.

TCO at 3-5. Given the vagueness of Appellant's concise statement and the trial court's difficulty in gleaning which issues Appellant seeks to challenge on appeal, this Court determines that Appellant has waived all issues set forth therein. *See Lineberger v. Wyeth*, 894 A.2d 141, 143 (Pa. Super. 2006) ("We hold [the] [a]ppellant waived her issues on appeal, because her court-ordered Rule 1925(b) concise statement of matters complained of on appeal was vague and overly broad.").

Nevertheless, even if Appellant had properly preserved the issues that he challenges herein, this Court would affirm the trial court's order dismissing his counterclaim and joinder complaint due to Appellant's failure to serve and failure to prosecute. In his appellate brief, Appellant presents four issues for our review:

A. Was it error for the lower court to have treated [Appellant's] "counterclaim," and the [Appellant's] claim against third-parties, as though they were one and the same?

B. Was it error for the lower court to dismiss [Appellant's] "counterclaim" due to its not having been served, when, in fact, not only had it been served but also it had been formally answered?

C. Was it error for the lower court to dismiss [Appellant's] "joinder complaint," due to its not having been served, when, in fact, counsel had entered an appearance for all of the "additional [Appellees]" and then was served under Pa. R.C.P. 440?

D. When the hiatus was due to the automatic stay imposed by bankruptcy law, and when the court acted solely sua sponte and without taking any evidence, and when the court did not schedule the matter for a hearing (nor even for oral or written argument), was it error for the lower court to dismiss a case for docket inactivity?

Appellant's Brief at 4 (unnecessary capitalization and emphasis omitted).

To begin, we note that "[t]he question of whether an action has been properly terminated. . . rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." ***Tucker v. Ellwood Quality Steels Co.***, 802 A.2d 663, 664 (Pa. Super. 2002) (internal citations omitted).

Appellant first contends that the trial court erred in treating his counterclaim and his claim against third parties "as though they were one and the same." Appellant's Brief at 4. We disagree. In its opinion, the trial court distinguishes between Appellant's counterclaim and his claim against third parties, explaining, "This court dismissed the underlying counterclaim due to [Appellant's] lack of prosecution in the case *sub judice*. [Appellant] did not do anything concerning the outstanding problems addressed by the preliminary objections. [Appellant] continued to file vague pleadings and did

not effectuate service." TCO at 7. The joinder complaint, in contrast, was dismissed for lack of prosecution and lack of service where, "despite his being on notice since 2011 and being reminded throughout four sets of preliminary objections addressing the same issue of ineffective service, [Appellant] still refused to serve the joinder complaint properly." *Id.* at 6. Therefore, we would conclude that the trial court did not err on this basis because it did independently dispose of the counterclaim and joinder complaint.

Second, Appellant claims that the trial court erred by dismissing his counterclaim "due to its not having been served, when, in fact, not only had it been served but also it had been formally answered[.]" Appellant's Brief at 4. However, as discussed *supra*, the trial court dismissed the counterclaim on the basis of lack of prosecution by Appellant, not based on a service error.[2]

Moreover, we see no error in the court's decision that Appellant failed to prosecute. Generally, "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an

_____

[2] Additionally, the trial court noted that "[o]n September 14, 2011, [Appellant] filed a Fourth Answer, New Matter and Counterclaim and Joinder Complaint which again was not served on any of the additional [Appellees] and on counsel of record for [Appellee]." TCO at 2. Specifically, "[Appellant] filed his document with the Prothonotary without providing a copy to [Appellee's] counsel, so [Appellee] also was not served." *Id.* at 2. Moreover, the trial court determined that the "counterclaim [was] vague and alleges no real cause of action." *Id.* at 6.

appropriate order terminating the matter." Pa.R.J.A. 1901(a). In order to dismiss a case for inactivity, "there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant." *Shope v. Eagle*, 710 A.2d 1104, 1107-08 (Pa. 1998) (internal citations omitted).

The trial court applied the three-part test stated above, to determine that Appellant's counterclaim should be dismissed for inactivity. The trial court determined that Appellant did not act with due diligence in failing to serve additional Appellees, Appellant proffered no compelling reason for the delay in litigation, and Appellee had been prejudiced due to the protraction of the litigation and the resulting increase in attorneys' fees due to Appellant's filing of obscure pleadings and his refusal to serve the joinder complaint. TCO at 8-9. As such, we would conclude that the trial court did not err in dismissing Appellant's counterclaim.

Third, Appellant argues that it was error for the lower court to dismiss his joinder complaint, due to its not having been served, when counsel had purportedly entered an appearance for all of the additional Appellees and then was served under Pa.R.C.P. 440. *See* Appellant's Brief at 4. We would deem this claim meritless.

"A party may enter a written appearance which shall state an address at which pleadings and other legal papers may be served.... Such appearance shall not constitute a waiver of the right to raise any defense

including questions of jurisdiction or venue." Pa.R.C.P. 1012. Further, this Court has explained, "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. 2004) (internal citations and quotations omitted). In filing preliminary objections to Appellant's Fourth Answer, New Matter and Counterclaim, the attorneys for the additional Appellees entered a limited appearance for purposes of objecting on the basis of improper joinder. The mere fact that counsel for the additional Appellees entered an appearance does not waive their right to challenge lack of service. *Fleehr, supra.*

Furthermore, Appellant contends that "[i]t was complete error to dismiss the third-party Joinder Complaint due to non-service, when it had been served pursuant to Pa.R.C.P. 440, by regular mail, upon counsel of record." Appellant's Brief at 23. This argument is off base. Pennsylvania Rule of Civil Procedure 425 sets forth: "Original process shall be served upon an additional defendant who is not already a party to the action in the same manner as if he or she were an original defendant." Pa.R.C.P. 425. Original process "shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400. Pennsylvania Rule of Civil Procedure 440, on the other hand, describes how service should be made for "[c]opies of all legal papers *other than original process*. . ." Pa.R.C.P. 440 (emphasis added). Additionally, as

pointed out by the trial court, Appellant admitted in his "Answer to Additional Defendants' Preliminary Objections to Defendant's Amended Joinder Complaint," dated December 7, 2011, that he did *not* serve the "new parties." **See** TCO at 2. The trial court correctly observed that Appellant's mailing of the additional joinder complaint to Appellees' attorney did not constitute service under the Pennsylvania Rules of Civil Procedure. TCO at 7.

Finally, Appellant claims that it was error for the trial court to dismiss this case for docket inactivity "[w]hen the hiatus was due to the automatic stay imposed by bankruptcy law, and when the court acted solely *sua sponte* and without taking any evidence, and when the court did not schedule the matter for a hearing (nor even for oral or written argument)[.]" Appellant's Brief at 4. We would conclude that these arguments also fail.

The record shows that Appellant was the only counterclaim plaintiff, and the bankruptcy proceedings only related to Appellant's co-defendant. The trial court explained:

> [Appellant] suggests the other defendant, Ericka Kirkpatrick, had a bankruptcy case in federal court which protracted the instant case. [] Kirkpatrick has not been involved in [Appellant's] counterclaim which was litigated solely on [Appellant's] behalf. Thus, the inaction of [Appellant] was independent of [] Kirkpatrick's bankruptcy proceeding. Even though [] Kirkpatrick's bankruptcy case has a docket number of 13-10856, [indicating that the case was initiated in 2013,] [Appellant's counsel] filed the suggestion of bankruptcy in this court only on March 26, 2015. Nevertheless, for approximately two years from 2011-2013, [Appellant] did nothing to perfect service on the additional [Appellees].

TCO at 6. Given that Appellant was not involved in the bankruptcy proceeding, and that Appellant nevertheless failed to address the issue of service in the years preceding or following his co-defendant's bankruptcy, Appellant's argument that the "hiatus" was caused by the bankruptcy case is unpersuasive.

Furthermore, Pennsylvania Rule of Judicial Administration 1901 explicitly permits a tribunal, *on its own motion*, to terminate a matter where the matter has been inactive for an unreasonable period of time. **See** Pa.R.J.A. 1901(a). The Rule also sets forth that "[b]efore any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination." Pa.R.J.A. 1901(c).

Here, the docket reflects that on February 23, 2015, the trial court issued a rule to show cause why the case should not be terminated for inactivity and ordered that the parties appear for status/argument/hearing on March 26, 2015. However, the status/argument/hearing did not take place then because, according to Appellant, "[u]pon receiving this Suggestion of Bankruptcy, the judge in the lower court cancelled his March 26, 2015, hearing (this cancellation was done via a phone call which the undersigned received from Chambers, rather than via any Order of Court)." Appellant's Brief at 9-10. This Court notes that the Suggestion of Bankruptcy, filed by Appellant, was docketed on March 26, 2015.

The trial court later scheduled a status hearing on May 8, 2015, which was subsequently rescheduled to June 25, 2015. At that status hearing, Appellee's counsel informed the trial court that preliminary objections filed by the additional Appellees were still pending. As a result, the trial court continued the June 25, 2015 status hearing to July 6, 2015, where the parties met with the court and had further argument on the preliminary objections, regarding lack of service. Following the July 6, 2015 argument, the trial court issued an order dismissing the matter for failure to prosecute, in which it explained:

> [I]t appears that [Appellee] has had [its] claims resolved and that the only thing remaining before this Court is a counterclaim filed by [Appellant] in response to [Appellee's] Complaint, and it further appearing that said Complaint was never served on [additional Appellees], and that nearly four years have passed since the said counterclaim was filed by [Appellant], and it further appearing that, even to this date, after this [c]ourt issued its Rule to Show Cause, the said Complaint in the counterclaim has still not been served, it is hereby ordered that the matter which remains before this [c]ourt, that being the counterclaim of [Appellant] versus [Appellee] and others, is dismissed for failure to prosecute.

Order, 7/14/15, at 3-4.

Here, Appellant appeared *twice* before the trial court following its order to show cause why the case should not be terminated for inactivity. At those times, Appellant had opportunities to advance his reasons to the trial court for failing to serve the additional Appellees, particularly because the preliminary objections of the additional Appellees centered on lack of service. Furthermore, Appellant *still* did not serve the additional Appellees

- 11 -

following the trial court's rule to show cause. As the trial court noted, "[t]here were no factual disputes regarding service and lack of prosecution; the issues were purely legal. Despite [Appellant's] contention to the contrary, [Appellant] had his day in argument court." TCO at 7. Further, as pointed out by Appellee, Appellant "never petitioned the court nor filed a motion to establish the so-called factual determinations he now claims on appeal would have established his alleged compelling reasons for inactivity." Appellee's Brief at 26. Accordingly, we would conclude that it was not error for the trial court to dismiss the matter where Appellant clearly had an opportunity be heard.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016

- 12 -