J-S05006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASON SVIDUNOVICH AND AMANDA CHANEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1249 MDA 2019 |
| LITECIGUSA HARRISBURG; LITESALESUSA, LLC; MXJO; SHENZHEN LONGTERM TECHNOLOGY CO., LTD.; SHENZHEN MXJO TECHNOLOGY CO., LTD.; SYSMAX INDUSTRY CO., LTD.; ALIBABA GROUP HOLDING, LTD.; AND ALIBABA (CHINA) CO., LTD. | : | |

Appeal from the Order Entered June 28, 2019
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-00396

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED MAY 12, 2020**

Appellants, Jason Svidunovich and Amanda Chaney, filed this personal-injury lawsuit alleging a defective battery on an electronic cigarette.  They appeal from the June 28, 2019 order of the Dauphin County Court of Common Pleas granting preliminary objections based upon defective service, which were filed by LiteCigUSA Harrisburg and LiteSales USA, Appellees.  For the following reasons, we reverse the order granting preliminary objections, reinstate the complaint, and remand this matter to the trial court.

The first issue Appellants raise in their Statement of the Questions Involved asserts that the trial court erred in granting Appellees' preliminary objections on the basis that the complaint lacked verification and proper service. Appellants' Brief at 8. When reviewing a trial court's grant of preliminary objections, we must determine whether the trial court committed an error of law. *Freundlich & Littman, LLC v. Feierstein*, 157 A.3d 526, 530 (Pa. Super. 2017).

> Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.*

The trial court has requested that we reverse its order granting preliminary objections, reinstate Appellants' complaint, and remand for further proceedings because the basis for its order, defective service, had been waived by Appellees. Trial Court Opinion, 9/20/19, at 4. The trial court asserts that when Appellees filed their motion to join additional defendants on February 11, 2019, and argued the merits of the case, they indicated an intent to forgo any objection to defective service. *Id.* (citing *Fleehr v. Mummert*, 857 A.2d 683 (Pa. Super. 2004)). Thus, the trial court avers that it erred in granting preliminary objections.

Appellees seek to dismiss the appeal and filed an Application to Strike, asking that we reinstate the complaint, as well. Appellees' Motion to Strike

Appeal Pursuant to Pa.R.A.P. 1972(a)(7), 12/10/19. In their motion, Appellees assert that subsequent to the grant of preliminary objections, which were based upon lack of service "of any Defendant," Preliminary Objections, 10/26/18, at ¶ 2, Appellees' counsel discovered "that service o[f] process had in fact been made upon one of the [a]ppellees, prior to counsel's involvement in the case." Motion to Strike Appeal Pursuant to Pa.R.A.P. 1972(a)(7), 12/10/19, at ¶ 2. Thus, Appellees also aver that the order granting preliminary objections lacked a proper basis.

In light of the trial court's admission that its order granting preliminary objections was in error, and Appellees' admission that its averment in their preliminary objections concerning lack of service was false, we conclude that the order granting preliminary objections cannot be sustained. **_Freundlich & Littman_**, 157 A.3d at 530. Therefore, the case must be remanded to the trial court and Appellants' complaint reinstated.

June 28, 2019 Order reversed.[1] Case remanded for proceedings consistent with this Judgment Order. Jurisdiction relinquished.

---

[1] In light of our disposition, Appellees' Motion to Strike Appeal Pursuant to Pa.R.A.P. 1972(a)(7) is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020