J-S15002-18

2018 PA Super 357

| LORI A. DUMAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRACY M. BROOKS | |
| Appellant | No. 2007 EDA 2016 |

Appeal from the Order Entered May 26, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No: 09-07534, PACSES No. 188110826

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY STABILE, J.:                    **FILED DECEMBER 31, 2018**

Appellant, Tracy M. Brooks ("Father"), appeals from an order entered May 26, 2016 in the Court of Common Pleas of Philadelphia County, Family Court, modifying the amount of child support owed by Father after the trial court granted a motion for reconsideration filed by Appellee, Lori A. Dumas ("Mother"), of its previous support order of September 17, 2015.  We vacate the May 26, 2016 order and reinstate the prior support order entered on September 17, 2015.

Mother and Father were married, but divorced in 2012.  In 2015, Mother filed a complaint seeking child support.  Mother was the primary custodian of the parties' only child, while Father had custody every other weekend and for dinner visits.

On September 17, 2015, following an evidentiary hearing, the trial court entered an order directing Father to pay child support to Mother.  On October

2, 2015, Mother filed a motion for reconsideration to increase the amount of support. On October 15, 2015, the trial court signed an order granting Mother's motion for reconsideration. The prothonotary received the signed order the same day, a fact demonstrated by the time-stamp on the order. The next day, October 16, 2015, Mother appealed the September 17, 2015 order to this Court at No. 3360 EDA 2015. On October 28, 2015, the prothonotary entered the October 15, 2015 order granting reconsideration on the docket.

On April 8, 2016, more than 120 days after the prothonotary received the order granting reconsideration, the trial court, seeking to clarify the status of Mother's motion for reconsideration, sent a letter to this Court advising that it had granted Mother's motion for reconsideration and requested that we remand the matter to the trial court for further proceedings. In an order filed on April 18, 2016, this Court dismissed Mother's appeal at No. 3360 EDA 2015, on the basis that the grant of reconsideration rendered Mother's appeal from the September 17, 2015 support order inoperative. This Court further directed the trial court to schedule a hearing on the motion for reconsideration within the next thirty days.[1]

---

[1] At the time this Court entered its April 18, 2016 order dismissing Mother's appeal and directed that a hearing on reconsideration be conducted within 30 days, we did not appreciate, and the trial court did not so advise us, that more than 120 days already had passed from the grant of reconsideration. As discussed in more detail, *infra*, this lapse of time precluded the trial court from proceeding further. Mother further did not timely appeal from the deemed denial of her motion for reconsideration. This Court may not enlarge the time for the filing of a notice of appeal. Pa.R.A.P. 105(b).

On May 4, 2016 and May 23, 2016, the trial court held hearings relating to Mother's motion for reconsideration. On May 26, 2016, the trial court issued an order increasing Father's support obligations. Father filed a timely appeal, and both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises three issues in this appeal:[2]

1. Did the lower court have jurisdiction to enter a reconsidered decision under Pa.R.C.P 1930.2 when the lower court neither requested additional testimony nor entered a reconsidered decision, within 120 days from the date reconsideration was granted[?]

2. Did the trial court err and commit an abuse of discretion when, after initially granting Father credit for all his business deductions in a [f]inal [o]rder, the trial court then entered a reconsidered decision that granted him none, when no new evidence, no new arguments, and no new testimony was provided on the issue of deductions, and where no evidence exists that Father took the deductions to shelter disposable income available for child support[?]

3. Did the trial court err and commit an abuse of discretion when, after initially entering an [o]rder that gave neither party a credit for health insurance coverage, the trial court entered a reconsidered decision that granted Mother a credit for health coverage, even though evidence had been ruled to be credible by the [j]udge in two separate hearings that Father provided health coverage for the child, and the trial court gave no reason for why it granted the credit to mother in the reconsidered decision[?]

Father's Brief at 4.

In his first argument, which we find dispositive of this appeal, Father contends that the trial court lacked authority to modify the September 17,

---

[2] Mother did not file a brief in this Court.

2015 support order by failing to enter a new decision within 120 days after granting Mother's motion for reconsideration. This issue implicates several of our procedural rules.

Pennsylvania Rule of Civil Procedure 1930.2 provides in relevant part:

(a) There shall be no motions for post-trial relief in any domestic relations matter, including Protection of Victims of Sexual Violence or Intimidation matters.

(b) A party aggrieved by the decision of the court **may file** a motion for reconsideration in accordance with Pa.R.A.P 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been presented to the court.

(c) The court shall render its reconsidered decision within 120 days of the date the motion for reconsideration is granted, except as set forth in subdivision (e). If the court's decision is not rendered within 120 days, the motion shall be deemed denied.

(d) If the court does not enter a reconsidered decision within 120 days, the time for filing a notice of appeal will begin to run anew from the date of entry of the reconsidered decision or from the 121st day after the motion for reconsideration was granted.

(e) If the court grants the motion for reconsideration **and files** its order within the 30-day appeal period, the court may issue an order during the applicable 120-day period directing that additional testimony be taken. If the court issues an order for additional testimony, the reconsidered decision need not be rendered within 120 days, and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered.

Pa.R.C.P. 1930.2 (emphasis added).

Rule 1930.2(b) incorporates the timeliness requirements within Pa.R.A.P. 1701(b)(3). Rule 1701(b)(3) provides that after an appeal is filed, the trial court may:

- 4 -

[g]rant reconsideration of the order which is the subject of the appeal . . . if:

(i) an application for reconsideration of the order **is filed** in the trial court . . . within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order **is filed** in the trial court . . . within the time prescribed by these rules for the filing of a notice of appeal[3] . . . or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court[.]

*Id*. (emphasis added).

Read together, Pa.R.C.P. 1930.2 and Pa.R.A.P. 1701(b)(3) provide that a notice of appeal becomes inoperative when, during the thirty-day appeal period, a party "files" a motion for reconsideration and the trial court "files" an order expressly granting reconsideration of the order that is the subject of the appeal. If both "filing" conditions are satisfied, the trial court must either

---

[3] A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

render a reconsidered decision or issue an order for additional testimony within 120 days after filing the order granting reconsideration. Pa.R.C.P. 1930.2 (c), (e). If 120 days elapse without a reconsidered decision or order for additional testimony, the motion for reconsideration is deemed denied, and the appeal period begins to run from the 121st day. Pa.R.C.P. 1930.2(d).

The question we first must decide is when the trial court's "**filing**" of its reconsideration order took place under Rule 1930.2(e), as that date determines here whether the trial court had jurisdiction to reconsider its September 17, 2015 support order. The prothonotary received the reconsideration order on October 15, 2015, but did not docket it until October 28, 2015. The last day to file an appeal from the September 17, 2015 order was October 17, 2015, thereby placing the "filing" of the reconsideration order within and the docketing of the reconsideration order outside of the 30-day appeal period.

We find guidance from other procedural cases and conclude that an order is "filed" for purposes of Rule 1930.2(e) when the prothonotary receives it from the trial court, regardless of when the prothonotary dockets the trial court's order.[4]

---

[4] We note the trial court docket as well does not indicate that the prothonotary sent Pa.R.C.P. 236 notice of the instant reconsideration order to the parties. In some actions, the failure to send Rule 236 notice prevents the appeal period from running. ***See Frazier v. City of Philadelphia***, 735 A.2d 113, 115 (Pa. 1999) (order is not appealable until it is entered on docket with Rule 236

In ***Griffin v. Central Sprinkler Corp.***, 823 A.2d 191, 197 (Pa. Super. 2003), we addressed whether, under Pa.R.C.P. 205.1, the appellant's praecipe for writ of summons to the Montgomery County prothonotary's office dated April 13, 1999, but not time-stamped until April 20, 1999—the day after the statute of limitations expired—properly permitted the granting of summary judgment on the basis the action was time-barred. Rule 205.1 provides in relevant part that any legal paper sent by mail shall not be deemed filed until received by the appropriate officer. In ***Griffin,*** the prothonotary's first deputy testified that the office had been backed up, and that the time-stamp on the praecipe did not necessarily indicate that the praecipe had arrived on that date. Based on a survey of case law, we held that the trial court erred in concluding the statute of limitations expired because the appellant's praecipe was not filed until it was time-stamped. We cited with approval ***Commonwealth v. Castro,*** 766 A.2d 1283, 1287 (Pa. Super. 2001), where we held the act of "filing" focuses as much upon the act of a litigant placing the document in the hands of the appropriate ministerial office as the act of docketing receipt of the document. We further endorsed the rationale that

---

notice that appropriate notice has been given; fact that parties may have received notice of order does not alter the formal date of its entry and associated commencement of period allowed for appeal). In support actions, however, "the entry of a support order need not contain a Rule 236 docket entry that notice has been sent." ***Murphy v. Murphy***, 988 A.2d 703, 709 (Pa. Super. 2010). Therefore, the lack of Rule 236 notice did not prevent the 120-day reconsideration period from running in the present case. ***Id.***

receipt constitutes filing in the ordinary civil case, because an appellant has no control over delays between a court clerk's receipt and formal filing of a notice. *Id.* (citing **Houston v. Lack,** 487 U.S. 266, 273-74 (1988)); ***see also Bonawits v. Bonawits***, 907 A.2d 611 (Pa. Super. 2006) (under section 3323(g)(2) of Divorce Code, both parties have "filed" affidavits of consent when accepted by the divorce master and not the prothonotary). Since both Rule 1930.2(e) and Rule 205.1 focus upon when a document is "filed," we perceive no reason why our holding in **Griffin** should not also be applicable here. Had our Supreme Court intended Rule 1930.2(e) to mean that orders granting reconsideration are effective only if docketed within the 30-day appeal period, it would have provided as much, as it purposely refers to docketing when that is what it intends. **See, e.g.,** Pa.R.C.P. 236 (prothonotary shall **note in the docket** the giving of notice); Pa.R.C.P. 1307(c) (if no appeal is taken within 30 days after **entry of the award on the docket**, prothonotary upon praecipe shall enter judgment on award).

Our interpretation of "filed" under Rule 1930.2(e) is also consonant with our Pennsylvania Rules of Appellate Procedure that deem a notice of appeal filed upon receipt by the lower court clerk. ***Commonwealth v. Williams***, 106 A.3d 583, 589-90 (Pa. 2014) (notice of appeal timely filed under Pa.R.A.P. 905(a)(3) on date received by clerk of court, even though clerk refused to accept or time-stamp notice due to alleged formal defects).

With these precepts in mind, we return to the present case. The trial court entered its original order on September 17, 2015 and entered its reconsideration order on October 15, 2015. On October 15, 2015, the prothonotary received the trial court's reconsideration order, the same day it was signed by the trial court, a fact shown by the prothonotary's time-stamp of October 15, 2015 on the reconsideration order. The deadline for entering a reconsidered decision or ordering additional testimony became February 12, 2016, the 120th day after the date of filing.[5] The trial court, however, did not enter any order by this date, so the motion for reconsideration was deemed denied, and the appeal period began to run again on the following weekday, Monday, February 15, 2016. Pa.R.C.P. 1930.2(d). The trial court lost jurisdiction as of February 15, 2016, when the appeal period began running again.[6] *Id.* Consequently, the trial court's May 26, 2016 order increasing Father's support obligations was a nullity.

In reaching this decision, we find support in *Weinzetl v. Weinzetl*, 681 A.2d 813 (Pa. Super. 1996). In *Weinzetl*, (1) the trial court entered an equitable distribution order on April 22, 1994 that "was docketed April 25,

---

[5] Mother's appeal to this Court on October 16, 2015 did not toll the 120-day reconsideration period, because the filing of the reconsideration order on October 15, 2015 rendered the appeal "inoperative." Pa.R.A.P. 1701(b)(3).

[6] The appeal period expired on March 16, 2016, without any new appeal by Mother.

1994," and (2) the trial court granted Wife's timely petition for reconsideration on May 18, 1994 and "docketed" this order on May 24, 1994. *Id.* at 813-14. No further action took place until Wife's attorney contacted the court one year later. On May 25, 1995, the court issued a reconsidered order, and Wife subsequently appealed to this Court. This Court vacated the May 25, 1995 order and reinstated the April 25, 1994 order, reasoning that

> since the court granted reconsideration on May 24, 1994, it had 120 days in which to act and either direct that additional testimony be taken or issue a new reconsidered order. Neither action was taken within 120 days and on the 121st day, or September 22, 1994, the motion was deemed denied . . . Th[e] 1995 order, which was rendered well beyond the 120 day time period in which the court is to act, **is a nullity**[.]

*Id.*, 681 A.2d at 814 (emphasis added). The trial court in ***Weinzetl*** argued that it was inequitable for Rule 1930.2 to apply because the delay was the product of error by judicial staff. This Court disagreed:

> Whether because of clerical error, as in this case, or inattentiveness by the court, Rule 1930.2 applies and directs that where a reconsidered decision is not rendered within 120 days, the reconsideration motion is deemed denied. Wife, if she so desired, should have appealed that "denial" within 30 days. It was not appropriate for Wife to wait beyond the 120 day period and then contact the court regarding a decision. When no decision was rendered by the 121st day, the proper course was for Wife to file an appeal. As stated in the explanatory comment: "If the court grants the motion for reconsideration, it has 120 days in which to enter a reconsidered decision. The appeal period begins to run anew upon the entry of the reconsidered decision, or on the 121st day if the decision is not entered within the 120 day period." . . . Wife's inaction in failing to take an appeal following the 121st day cannot be excused regardless of the reason why a new reconsidered order was not entered on the docket before that day. Wife had the ability to view the docket to see if an order had been

- 10 -

entered. When none was filed, a direct appeal should have been taken.

*Id.* at 815.

This Court correctly reasoned in *Weinzetl* that the trial court lacked jurisdiction under Rule 1930.2 to enter a reconsidered decision subsequent to the 120-day reconsideration period. To that extent, *Weinzetl* provides support for our decision today that the trial court lacked jurisdiction to enter the May 26, 2016 support order.[7]

Accordingly, we agree with Father that the trial court lacked authority to enter a reconsidered order after February 12, 2016. The May 26, 2016 order is a nullity. Thus, we vacate the May 26, 2016 order and reinstate the September 17, 2015 support order.[8]

May 26, 2015 order vacated. September 17, 2015 order reinstated. Jurisdiction relinquished.

---

[7] We note in passing that the trial court in *Weinzetl* issued its reconsideration order on May 18, 1994, but it was not docketed until May 24, 1994. The opinion does not indicate when the order was received by the prothonotary's office. The *Weinzetl* court held that since the trial court granted reconsideration on May 24, 1994, it had 120 days to act. It made no distinction between the date the order was issued and when it was docketed, presumably because those facts did not form the basis of the issue for disposition by this Court. Even so, the result in *Weinzetl* clearly was correct, because regardless of the actual date of issuance or docketing, the 120-day period expired before the trial court filed its reconsidered decision.

[8] Because Father's first argument is dispositive, we need not address his second and third arguments.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/18