J-A19032-25

2025 PA Super 228

TODD MEYER            :    IN THE SUPERIOR COURT OF
                      :           PENNSYLVANIA
                      :
        v.            :
                      :
                      :
AUDRA CHISOM          :
                      :
                      :    No. 1311 WDA 2024
        v.            :
                      :
                      :
RISING TIDE PARTNERS  :
                      :
     Appellant        :

Appeal from the Order Entered September 24, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. CS-24-000029

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

OPINION BY BOWES, J.:                    **FILED:  October 6, 2025**

Rising Tide Partners ("Rising Tide") appeals from the order that, among other things, appointed Todd Meyer as conservator of the property located at 1511 Boyle Street in Pittsburgh, Pennsylvania ("the property") pursuant to the Abandoned and Blighted Property Conservatorship Act.  We vacate in part and remand for proceedings consistent with this decision.

Meyer, who owns a building situated immediately adjacent to the property, filed a petition seeking his appointment as conservator on May 7, 2024.  The trial court scheduled an initial hearing on the petition for July 3. On that date, Rising Tide, a nonprofit entity in the business of remodeling distressed properties, appeared with counsel and presented a petition to

intervene for the purpose of convincing the court that it should be appointed as a conservator instead of Meyer. That proceeding was not transcribed; however, on July 5, the court entered an order stating as follows:

> An evidentiary hearing on the petition to intervene pursuant to 68 Pa.C.S. § 1105(b) filed on behalf of Rising Tide . . ., a putative intervenor, shall occur before the undersigned on September 9, 2024, at 9:00 a.m. in Courtroom 706 of the City-County Building, 410 Grant Street, Pittsburgh, PA 15219.
>
> In the event th[e c]ourt denies the petition to intervene, then this court will proceed to an evidentiary hearing on the merits of the petition for appointment of conservator filed by petitioner [Meyer].

Order of Court, 7/5/24 (cleaned up).

Meyer and Rising Tide appeared for the September 9 hearing, both represented by counsel. The trial court noted on the record that Rising Tide's petition to intervene had not been filed, though it was previously presented. Rising Tide responded that it could not so file because the court had not yet determined whether the non-profit was a party in interest in the matter. Meyer nonetheless conceded that the petition was properly before the court that day. *See* N.T. Hearing, 9/9/24, at 12. The court indicated that it would take the intervention petition under advisement and desired to hear evidence concerning Meyer's underlying petition for conservatorship. *Id*. at 13. Rising Tide did not lodge an objection to this procedure.

Meyer then testified, highlighting that he had purchased numerous buildings within the Northside area of Pittsburgh where the property is located, primarily with the purpose of repairing them and leasing them for rent. He

- 2 -

described that he used readily-available funds within his portfolio to finance projects, and that repairing homes in that area of the city was a passion project for him. Rising Tide was permitted to cross-examine him and in fact did so, despite no determination from the court that it was a party in interest.

Rising Tide was also permitted to present a single witness, Taylor Williams, who is an Acquisition and Conservatorship Manager for the company. She attested as to Rising Tide's non-profit status and the number of properties over which it had been appointed as conservator in the Pittsburgh area. Notably, upon questioning from Meyer's attorney, Ms. Williams stated that she did not have documentation with her supporting her testimony because she "was under the impression this was for the hearing to intervene to be made a party of the case." *Id*. at 36. At the conclusion of the hearing, the trial court took the petition for conservatorship under advisement as well.

Fifteen days later, the court issued the order in question, which granted Rising Tide's petition to intervene. Within the same order, it also found that the property met the condition of being abandoned and blighted, and appointed Meyer as the conservator based on the evidence presented at the September hearing. Meyer subsequently submitted a final plan of abatement and moved to schedule a hearing, which was set for December. Rising Tide did not submit any post-disposition motion. Instead, it filed the instant timely appeal along with a request for preparation of transcripts.

The record does not indicate that the trial court ordered Rising Tide to submit a statement of errors complained of on appeal, and it appears none

was filed. The trial court authored a brief opinion pursuant to Pa.R.A.P. 1925(a) explaining its rationale for appointing Meyer as conservator.

Rising Tide raises three issues for our review:

[I.] Whether the trial court violated [Rising Tide]'s right to due process by failing to hold a hearing on the petition to intervene in order to make specific findings and take sufficient evidence to grant the intervenor standing[.]

[II.] Whether [the] trial court's failure to follow its own order prejudiced [Rising Tide] by impeding its ability to have time to prepare for the conservatorship hearing.

[III.] Whether [the] trial court erred by using the disparity in testimony and preparation for the conservatorship hearing as the basis for appointing [Meyer] as the conservator.

Rising Tide's brief at 9 (cleaned up).

Before turning to these issues, we must first consider whether Rising Tide has waived all claims in light of appealing without first having filed a post-trial motion. On December 12, 2024, this Court issued a rule for Rising Tide to show cause why the appeal should not be dismissed for failing to preserve issues, citing **G & G Invs., LLC v. Phillips Simmons Real Est. Holdings, LLC**, 183 A.3d 472, 477 (Pa.Super. 2018) (holding that post-trial motions are required following a proceeding where the court heard and relied upon new testimony and evidence to issue a decision on a petition for conservatorship in a blighted property action). Rising Tide responded in writing, and we discharged the rule for it to be addressed by this panel.

With respect to post-trial motions, Pa.R.Civ.P. 227.1 provides, in relevant part, as follows:

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.Civ.P. 227.1(c).

As discussed, this Court has previously held that post-trial motions must be filed if there is a hearing wherein the court took testimony and heard evidence to issue a decision on a petition for conservatorship. *See G & G*, 183 A.3d at 477. We have likewise determined that an appeal of an order appointing a conservator over real property is properly taken from the order denying post-trial motions. *See Oceanview Prop. Mgmt. & Recovery Servs., LLC v. Baker*, 319 A.3d 508, 511 n.4 (Pa.Super. 2024) (explaining that such an appeal is from the order denying post-trial motions because it effectively affirms the trial court's previous order affecting the possession or control of property). The rationale underlying these decisions was that "the hearing on [the conservatorship] petition constituted a trial for purposes of Rule 227.1." *G & G*, 183 A.3d at 477.

Despite these decisions, we recently reexamined this reasoning in *Northside LLC v. O'Neill Maintenance*, 316 A.3d 1046 (Pa.Super. 2024). In that case, this Court held that when the order issued in a conservatorship

action does not dispose of all claims, post-trial motions are not required to preserve issues for appeal. *Id*. at 1051. We noted that since the time *G & G* was decided in 2018, the Pennsylvania Supreme Court issued *Wolk v. School District of Lower Merion*, 197 A.3d 730 (Pa. 2018), which offered new guidance for determining whether a hearing constitutes a "trial" for purposes of Rule 227.1. The *Wolk* Court found that where a trial court's order "[did not dispose of all claims for relief . . . , 'the decision' of the case was not rendered for purposes of Rule 227.1, and no post-trial motions were implicated under that rule." *Id*. at 741. Applying that standard, we found in *Northside* that the appellant did not waive its issues because, despite there being an order appointing a conservator, a petition to disqualify counsel remained outstanding and the trial court had yet to determine the distribution of escrow funds, and thus there was no disposition of all claims or "trial" at the time the appeal was filed. *See Northside*, 316 A.3d at 1050-51.

In response to the rule to show cause, Rising Tide argues that here, like in *Northside*, the court's order did not resolve all claims below. The non-profit highlights the failure of the trial court to certify the schedule of encumbrances, approve of certain aspects of the final plan of abatement, and rule on title to the property. As such, it contends that it was not required to file post-trial motions to preserve its claims.

We agree. The record plainly shows that there were still unresolved matters before the trial court in this conservatorship action, most notably the pending final plan for abatement filed by Meyer. Accordingly, based upon

- 6 -

*Northside*, post-trial motions were not required to preserve issues for this appeal. To the extent that *G & G* contradicts that position by applying a different test for determining whether a trial had occurred for purposes of Rule 227.1, we discern that the High Court's decision in *Wolk* casts doubt on whether *G & G* remains pertinent authority. *See*, *e.g.*, *Commonwealth v. Summers*, 245 A.3d 686, 700 (Pa.Super. 2021) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, **except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court**." (emphasis added)). In a similar vein, we find *Oceanview* inapposite, as it relied upon *G & G* without discussing the changes in the law following *Wolk*. In sum, we conclude that Rising Tide has not waived its claims.[1]

Turning to the merits, we address Rising Tide's first two issues together, as they are related and we find them dispositive. Therein, it asserts that the trial court violated its due process rights and neglected to act in conformance with its own order by granting Rising Tide's petition to intervene **after** holding a hearing on Meyer's petition for appointment of conservatorship. *See* Rising Tide's brief at 14-23.

_____

[1] Although the appealed-from order did not dispose of all conservatorship issues, this matter is nonetheless properly before us pursuant to Pa.R.A.P. 311(a)(2), which states that an appeal may be taken as of right from "[a]n order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property[.]"

We have held that "[a] question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." **Reitz v. Flower**, 245 A.3d 723, 727 n.3 (Pa.Super. 2021) (citation omitted). Furthermore, "[i]t is well settled that procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Due process is flexible and calls for such procedural protections as the situation demands." **S.T. v. R.W.**, 192 A.3d 1155, 1161 (Pa.Super. 2018) (cleaned up).

Rising Tide begins its argument by asserting that, based on the language of the court's order, a hearing on the conservatorship would only proceed on September 9, 2024, in the event the court denied the petition to intervene, which did not occur. *Id*. at 16-17. Rising Tide contends that "[t]he court's decision to move directly to the petition for the appointment of a conservator denied [Rising Tide] the ability to adequately prepare evidence and testimony that was vital to showing the [company]'s capacity and capability to serve as a conservator on the property." *Id*. at 21 (some capitalization altered). It maintains that Rising Tide "was not prepared for a hearing on the merits," which in effect deprived it of the ability to meaningfully participate and constitutes an abuse of discretion. *Id*. at 22-23.

In its Rule 1925(a) opinion, the trial court pointed to its belief that it "scheduled an evidentiary hearing for September 9, 2024[,] to determine if the subject property met the conditions for conservatorship, and, if so, to

appoint a conservator." Trial Court Opinion, 3/24/25, at 1 (some capitalization altered). It noted that it allowed Rising Tide to participate in the hearing and later granted the petition to intervene. *Id*. It concluded moreover:

> At no point did Rising Tide . . . offer any objections to any substantive points nor did Rising Tide . . . object to [the court's] consideration of the merits of the petition of Meyer. To the contrary, counsel for Rising Tide . . . cross-examined Meyer. Rising Tide . . . also had the opportunity to offer substantive testimony and evidence of its own. Rising Tide . . . did not seek to continue the hearing, voice an objection, present additional evidence, or to provide th[e] court with any opportunity to cure any prejudice to Rising Tide . . . if it believed that th[e] court did not intend to make a ruling on the appointment at the evidentiary hearing. Indeed, Rising Tide . . . did not file any post-trial motions.

*Id*. at 3 (some capitalization altered).

For his part, Meyer argues that Rising Tide's due process claim fails because it is not an aggrieved party, as the petition to intervene was ultimately granted. *See* Meyer's brief at 10. He asserts that Rising Tide neglected to cite any particular rule that was violated by how the trial court conducted itself in the manner it did. *Id*. at 11. Meyer suggests that Rising Tide's appellate argument is so undeveloped that we should disregard it. *Id*. He further argues that the trial court complied with 68 P.S. § 1105, which permits a "party in interest" to participate in a hearing, including by presenting evidence. *Id*. at 12. Like the trial court, Meyer highlights that Rising Tide did not object to the court holding a hearing on the conservatorship on September

9, which results in waiver as issues cannot be raised for the first time on appeal. *Id*. at 12, 14.[2]

Upon review, we determine that the court erred by conducting a hearing on Meyer's petition for conservatorship before rendering a decision as to Rising Tide's intervention petition and by deciding to appoint Meyer without giving Rising Tide a post-intervention opportunity to make its case. This is true notwithstanding the fact that Rising Tide was permitted to question Meyer as to the merits of his action. Despite the court's intention, it did not unconditionally schedule a hearing on the merits of the conservatorship via its July 5, 2024, order. Rather, the order stated that a hearing solely as to **Meyer's** conservatorship petition would occur "[i]n the event th[e c]ourt denies the petition to intervene." Order of Court, 7/5/24. This implied that if the court decided to grant intervention then the opposite was true, namely that the hearing would **not** occur on that date, but at a later time. To add to the confusion, the trial court neither granted nor denied the intervention petition at the scheduled proceeding, instead issuing an order addressing multiple different matters fifteen days later. It was apparent from the testimony that Rising Tide was not adequately prepared to present evidence concerning the merits of the conservatorship, which was understandable due to the language utilized in the trial court's order.

---

[2] Meyer similarly notes without significant discussion that Rising Tide "did not file post-trial motions." **See** Meyer's brief at 14. However, for the reasons already discussed in this writing, we conclude that the failure to file such in this case does not deprive Rising Tide of the opportunity for appellate review.

Furthermore, we are not convinced that Rising Tide waived its claims by failing to object to the court's procedure, at least under the facts of this case. While Rising Tide was arguably permitted to "participate" in the hearing concerning Meyer's conservatorship petition by subjecting him to cross-examination, it is nonetheless undisputed that the court had not declared Rising Tide a party in interest in the action at that point in time. Thus, it is not at all clear that Rising Tide had standing to lodge procedural objections as to the conservatorship. *See*, *e.g.*, *Society Hill Civic Ass'n v. Pennsylvania Gaming Control Bd.*, 928 A.2d 175, 183 (Pa. 2007) (noting that participation in a hearing does not necessarily afford standing as a party).

Moreover, although not wholly determinative, the court's decision to delay ruling on the intervention petition deprived Rising Tide of the opportunity to file a responsive document to Meyer's petition, which is permissible with the court's discretion. *See* Allegheny County Local Rule 706(3) ("The Court has discretion to permit a party in interest who has not filed an answer or other responsive pleading, including a petition to intervene, to do so or to postpone the hearing or permit said party in interest to participate in the hearing.").

Therefore, under these specific circumstances, we deem it appropriate to vacate the order to the extent that it went beyond granting Rising Tide's petition to intervene. The court shall conduct a hearing as to Meyer's petition for conservatorship and permit Rising Tide to fully participate as a party in

interest. In the court's discretion, it may allow Rising Tide to file an appropriate responsive pleading consistent with local rule.[3]

Order vacated in part. Case remanded with instructions. Jurisdiction relinquished.

---

[3] Although it does not bear on the merits of the claims at stake, we understand from Rising Tide's argument that in Allegheny County, parties seeking to intervene in conservatorship matters often have difficulty electronically filing the intervention petition, namely because the prospective intervenor is not identified as a party within the online system. Instead, these potential parties in interest must take additional steps as a work around, such as filing in person or submitting personalized requests for assistance with personnel that control electronic filing. This is so despite local and statewide procedural rules contemplating the filing of intervention petitions prior to a court proceeding. *See*, *e.g.*, Allegheny County Local Rule 704(2) (permitting a party in interest to file a petition to intervene prior to a hearing); *see also* Pa.R.P.C. 2329 (giving a court authority to enter an order allowing intervention "[u]pon the filing of the petition and after hearing[.]").

We highlight this apparent aberration in the hopes that the appropriate authorities will review the matter and take steps toward resolution. A party should be able to seamlessly file petitions to intervene electronically in accordance with the procedural rules promulgated by the Pennsylvania Supreme Court, which includes such filing in counties that have implemented an electronic filing system. *See* Pa.R.Civ.P. 205.4(e)(2) ("No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary or the electronic filing system based upon a requirement of a local rule or local administrative procedure or practice pertaining to the electronic filing of legal papers.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/6/2025