J-A02030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| T.L.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.F.H. | : | |
| | : | |
| Appellant | : | No. 376 WDA 2025 |

Appeal from the Order Entered February 28, 2025
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-24-003012-017,
PACSES ID No. 619302738

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JANUARY 28, 2026**

In this child support action instituted by T.L.C. (Mother), D.F.H. (Father)[1] appeals, *pro se*, from the order denying his renewed motion to dismiss the action based on improper service of original process upon Father. Father raises a sole claim that the trial court erred in not dismissing the action, where it lacked personal jurisdiction over Father. After careful review, we affirm.

Mother initiated this action by filing a *pro se* Complaint (dated May 14, 2024) against Father on June 21, 2024, seeking child support related to the

---

[1] To protect the anonymity of the parties' minor children, we identify the parties by their initials, and have amended the caption accordingly.

J-A02030-26

parties' two minor children.[2]  Pertinently, Mother filed no return of service of the Complaint, nor did she otherwise indicate when service was effected.  **See generally** Pa.R.C.P. 1930.4(h) (governing proof of service of original process in domestic relations matters); **see also Cintas Corp. v. Lee's Cleaning Servs.**, 700 A.2d 915, 918 (Pa. 1997) ("[T]he absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served." (emphasis omitted)).  Notably, Father filed no preliminary objections to the Complaint.

By order entered June 21, 2024 (dated May 14, 2024), the trial court directed Father to appear for a support conference on July 18, 2024, at 1:00 p.m., by remote teleconference.  Order, 6/21/24.[3]  The trial court summarized the ensuing history as follows:

_____

[2] Mother's brief form Complaint indicated the parties were never married. Complaint, 6/21/24, ¶¶ 3, 4.

[3] We note that the trial court docket does not indicate that the prothonotary sent Pa.R.C.P. 236 notice of the June 21, 2024, order to the parties.  **See** Pa.R.C.P. 236(a)(2), (b) (providing, in relevant part, that "[t]he prothonotary shall immediately give written notice of the entry" of any order to each party and "shall note in the docket the giving of the notice").  "In support actions, however, 'the entry of a support order need not contain a Rule 236 docket entry that notice has been sent.'" **L.A.D. v. T.M.B.**, 201 A.3d 1273, 1276 n.4 (Pa. Super. 2018) (quoting **Murphy v. Murphy**, 988 A.2d 703, 709 (Pa. Super. 2010)); **see also** Pa.R.C.P. 1910.6 ("Parties to a support action and their attorneys shall be provided notice of all proceedings in which support obligations might be established or modified.  Notice must be provided at least 20 days prior to the proceeding.").  The **Murphy** Court recognized that

*(Footnote Continued Next Page)*

- 2 -

Both parties appeared by telephone for the July 18, 2024, support conference.[FN1]  An Order was issued on July 22, 2024, stating that because no agreement on [Mother's] Complaint was reached, the Complaint was continued pending the outcome of a separate hearing.  A separate hearing was scheduled for August 20, 2024 ….   Both parties were ordered to appear in person before the hearing officer.

---

[FN1] [Father subsequently] argued, in Motions Court, that, although he picked up the phone for the [July 18, 2024,] support conference[] when called by the [trial] court, he did not willingly participate in the conference.

---

A hearing was held before Hearing Officer Joseph Sora [("Hearing Officer Sora" or "the Hearing Officer")] on August 20, 2024.  [Mother] appeared for this hearing, but [Father] did not appear.  [Mother] credibly testified that she earns $67,000 to $68,000 per year, and that [Father] drives for Uber and sells life insurance.   The Hearing Officer assigned [Father] an earning capacity of $15.00 per hour, working forty (40) hours per week, for a total monthly net income of $2,152.25.  Based on [Mother's] testimony, the Hearing Officer recommended that [Father] would pay $748.00 per month to [Mother] — $680.00 per month in [child] support, plus $68.00 per month towards an arrears balance set at $2,677.70.  The arrears balance includes a reduction of $1,080.00 for prior [child] support payments made to [Mother] … during the retroactivity period.  [Mother] was to provide health insurance, and [Father] was to pay thirty-two percent (32%) of

---

there are reasons for less stringent notice requirements in domestic relations cases, particularly where notice has been directly given to the parties.  [**Lyday v. Lyday**, 519 A.2d 967, 969 (Pa. Super. 1986)] (stating: "A copy of the dated letter of notification, as a business entry, serves equally as well as an entry of mailing on the prothonotary's docket as is required in other civil actions by Pa.R.C.P. 236").

*Murphy*, 988 A.2d at 709-10.

Instantly, the June 21, 2024, order contained the notation, "[p]arties to be served by regular mail."  Order, 6/21/24, at 1 (underline omitted).

- 3 -

all qualified, unreimbursed medical expenses after [Mother] pays the $250.00 threshold amount.

On September 11, 2024, [an interim child] Support Order was entered reflecting Hearing Officer Sora's recommendations. That same day, the parties were sent a Notice of Process to File Exceptions, which stated that the parties had until October 1, 2024, to submit exceptions to the Hearing Officer's Recommendation. Neither party filed timely exceptions.[4]

On [September 26, 2024, Father, proceeding *pro se*,] filed his first Motion to Dismiss for Improper Service [(Initial Motion to Dismiss)]. In his [Initial Motion to Dismiss, Father] alleged that he was "not serv[]ed with the appropriate legal notice required for this case to proceed" and that service did not comply with the Pennsylvania Rules of Civil Procedure. [Initial Motion to Dismiss, 9/26/24, ¶ 1.] In addition, [Father] alleged that this improper service "deprived [him] of the right to be heard and to respond to the claims against [him]." [***Id.***, ¶ 2.] [Father] requested that the court dismiss the child support action for lack of proper service and grant any other relief deemed appropriate by the court.

Both [Father] and [Mother] appeared [in person] for Motions Court on October 22, 2024. [Father] stated in Motions Court that he did not receive notice of the July 18, 2024, conference. The parties stipulated to the fact that a Domestic Relations Officer called Father regarding the [July 18, 2024, conference, and that] although he was reluctant, [Father] picked up the phone and indicated that he did not wish to participate. In addition, [Mother] stated that [Father] told her in August 2024 that he was not going to appear for the subsequent support conference. [Father] did not dispute the fact that [Mother] informed him of the date of the hearing ….

_____

[4] By order entered October 15, 2024, the trial court made final the September 11, 2024, interim child support order; Father filed no appeal from this order. We address the propriety of Father's instant appeal *infra*.

- 4 -

Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a), 5/14/25, at 1-4 (one footnote in original; remaining footnotes added; some punctuation modified).

On October 29, 2024, in response to Father's Initial Motion to Dismiss, the trial court entered an order directing Father to submit a brief "on the issue of how picking up the phone and appearing for Motions Court is not waiver of the right to be served by original process pursuant to Pa.R.C.P. 1930.4." Order, 10/29/24, ¶ B6; **see also** Pa.R.C.P. 1930.4 (discussed further below, generally governing service of original process in domestic relations matters).[5]

On February 7, 2025, Father filed a *pro se* "Brief in Support of Motion to Dismiss for Lack of Proper Service Under Pa.R.C.P. 1930.4," which the trial court deemed as a Renewed Motion to Dismiss. Order, 2/28/25, ¶ 12; **see also id.**, ¶ 9a (trial court observing that Father's Renewed Motion to Dismiss "appeared to be the same one Father initially submitted[,]" *i.e.*, the Initial Motion to Dismiss). According to the trial court, it addressed the Renewed Motion to Dismiss during Motions Court on February 26, 2025, wherein both parties appeared in person. **Id.**, ¶ 10.

---

[5] The trial court maintains that "on November 25, 2024, the court issued an order denying Father's [Initial] Motion to Dismiss …." Order, 2/28/25, ¶ 8 (some capitalization modified). However, no such order is listed on the trial court's docket or otherwise contained in the record. **See Omalley v. Isquierdo**, 345 A.3d 321, 332 n.5 (Pa. Super. 2025) ("[F]or purposes of appellate review, what is not of record does not exist." (citation omitted)).

By order dated February 28, 2025,[6] the trial court denied Father's Renewed Motion to Dismiss. *Id.*, ¶ 13. On March 31, 2025, Father filed a *pro se* notice of appeal.[7] The trial court did not order Father to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 14, 2025, the trial court issued its statement in lieu of a Rule 1925(a) opinion.

Father presents a single issue for our review:

> Whether the trial court erred by holding that a telephone conversation or informal contact constituted valid service of original process under Pa.R.C.P. 1930.4, despite the rule's express requirement for personal service, certified mail with return receipt, or court-approved alternatives[?]

Father's Brief at 3 (unpaginated).[8]

Before we address the merits of Father's issue, we first examine the appealability of the February 28, 2025, order. *See B.A.B. v. J.J.B.*, 166 A.3d 395, 400 n.9 (Pa. Super. 2017) (stating an "appellate court may question the appealability of an order *sua sponte* as it implicates the court's jurisdiction." (citation omitted)).

> Under Pennsylvania law, an appeal may be taken from: (1) **a final order** or an order certified by the trial court as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312,

---

[6] Though dated February 28, 2025, as discussed *infra*, this order was not docketed until August 8, 2025.

[7] Following Father's appeal, on April 7, 2025, Mother filed a petition for contempt in the trial court, asserting Father had failed to make child support payments as ordered.

[8] Mother did not file an appellee's brief.

1311; 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Moyer v. Gresh*, 904 A.2d 958, 963 (Pa. Super. 2006) (emphasis added; some citations omitted). In relevant part, Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). This Court has held that, in the context of a child support award, the final, appealable order is the one that "dispos[es] of all claims as related to [the] award of child support." *Deasy v. Deasy*, 730 A.2d 500, 503 (Pa. Super. 1999). *But see also D.L.H. v. R.W.L.*, 777 A.2d 1158, 1158 (Pa. Super. 2001) (stating that "[i]n a support case, the final order is the order directing payment of support or dismissing the support complaint.").

Instantly, we determine the trial court's February 28, 2025, order was final and appealable, as it "resolved all issues related to [the] award of child support." *Deasy*, 730 A.2d at 503. Though the trial court's October 15, 2024, order directed payment of support to Mother, this order was not final and appealable because it did not resolve all issues, where Father's Initial Motion to Dismiss (and, later, his Renewed Motion to Dismiss) remained pending and undecided. The February 28, 2025, order finalized the October 15, 2024, order and put the parties out of court. *Cf. id.* (quashing father's appeal of an interlocutory child support order, which "did not resolve all issues related to an award of child support," where the trial court granted father's exceptions

- 7 -

in part and "remanded the case for a hearing before a hearing officer to determine an award of child support").

We next address the timeliness of Father's appeal. *See Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007) ("Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of an appeal … before determining whether it was timely." (citation omitted)). Pursuant to Pa.R.A.P. 903(a), generally, "the notice of appeal … shall be filed **within 30 days after the <u>entry</u> of the order** from which the appeal is taken." *Id.* (emphasis added). Rule of Appellate Procedure 108 provides that the date of entry of an order in a civil matter "shall be the date on which the clerk **makes the notation in the docket** that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b) (emphasis added). Rule of Appellate Procedure 301 provides, in relevant part, that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court." Pa.R.A.P. 301(a)(1); *see also Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (holding that the appeal period commences upon entry of an order on the trial court docket; an order is entered when it has been docketed and notice has been given to the parties).

Instantly, although Father filed his notice of appeal 31 days after the **date** of the February 28, 2025, order denying his Renewed Motion to Dismiss, that order was not **docketed** until August 8, 2025, whereupon it became

appealable pursuant to Rule 301(a)(1).[9]  Due to the trial court's error in not entering its February 28, 2025, order timely, we deem Father's appeal, filed before the order's entry on the docket, as timely filed.  ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  Accordingly, we proceed to the merits of Father's issue.

Father claims the trial court erred by denying his Renewed Motion to Dismiss, where he never received service of original process consistent with Pa.R.C.P. 1930.4.  ***See*** Father's Brief at 4-7 (unpaginated).

Rule 1930.4 provides, in relevant part, as follows:

**(a)** Personal Service.

> **(1)** *Persons Who May Serve.*  A sheriff or competent adult, as defined in Pa.R.Civ.P. 76, may effectuate personal service of original process in domestic relations matters ….

* * *

**(b)** Service by Mail.

> **(1)** In domestic relations matters, except Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, a party may serve the original process, a notice or order to appear, if required, and other orders or

---

[9] This Court previously *sua sponte* quashed Father's appeal from the February 28, 2025, order, based upon Rule 301(a)(1) and the absence of a docket entry for that order.  Order, 7/11/25.  However, we subsequently reinstated the appeal upon Father's application.  Order, 8/11/25; ***see also*** Application to Reinstate Appeal, 7/24/25 (Father citing Rule 301(a)(1) and pointing out the trial court's initial failure to docket the February 28, 2025, order).

documents, as necessary, by United States Postal Service (USPS) first class regular and certified mail to the defendant's last known address.

* * *

**(c)** Service by Commercial Carrier.

**(1)** In all domestic relations matters, except Protection from Abuse and Protection of Victims of Sexual Violence or Intimidation matters, a party may serve the original process, a notice or order to appear, if required, and other orders or documents, as necessary, by commercial carrier and USPS first class regular mail to the defendant's last known address.

* * *

**(d)** Acceptance of Service.  The defendant or the defendant's authorized agent may accept service of original process as set forth in Pa.R.Civ.P. 402(b).

**(e)** Time for Service.

**(1)** *Service Within the Commonwealth.*  Within 30 days of filing the original process, a person or party shall serve the original process on a defendant located within the Commonwealth.

* * *

**(i)** Appearance at Hearing or Conference.  **A party appearing for a hearing or conference will be deemed to have been served.**

Pa.R.C.P. 1930.4 (emphasis added; some bold in original omitted).

Father argues the trial court lacked personal jurisdiction over him, where he received no service of the Complaint via any of the authorized means outlined in Rule 1930.4.  Father's Brief at 4-5 (unpaginated).  Father contends the trial court improperly "relied on an informal telephone conversation as

- 10 -

sufficient service[,]" *i.e.*, referencing Father's appearance by telephone at the July 18, 2024, support conference. ***Id.*** at 5 (unpaginated). According to Father, "[t]elephone contact is not a permitted method of service under [] Rule [1930.4.]" ***Id.*** at 4 (unpaginated) (bold omitted); ***see also id.*** at 5 (unpaginated) (complaining that service via telephone "lacks proof of delivery, unlike personal or certified mail service," and "bypasses required procedures" (emphasis omitted)). Father relies upon ***Cintas***, ***supra***, wherein our Supreme Court held that "[w]ithout valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." ***Cintas***, 700 A.2d at 917-18; ***see also*** Father's Brief at 4 (unpaginated).

Father further asserts that "even if [he] later appeared" in court, his appearance "was the result of coercion and duress," where he "was told non-attendance might result in [driver's] license suspension or wage garnishment." ***Id.*** at 7 (unpaginated) (emphasis omitted); ***see also id.*** at 6 (unpaginated) ("Participation in later hearings does not cure the jurisdictional defect created by lack of service." (citation omitted)). Thus, Father claims the trial court improperly relied upon "[Rule] 1930.4(i) to justify waiver, which applies only when a party **voluntarily** appears with knowledge of the proceeding." ***Id.*** at 6 (unpaginated) (emphasis in original); ***see also*** Pa.R.C.P. 1930.4(i) ("A party appearing for a hearing or conference will be deemed to have been served.").

"Jurisdiction is a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." ***Somerlot v. Jung***, 343 A.3d 324, 329 (Pa. Super. 2025) (citation omitted); ***see also Meyer v. Chisom***, \_\_\_ A.3d \_\_\_, 2025 PA Super 228, at \*3 (Pa. Super. filed. Oct. 6, 2025) ("[A] question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." (citation omitted)).

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa. Super. 2015) (quoting ***Cintas Corp.***, 700 A.2d at 917). Our Supreme Court has recognized that

> service of process and our rules governing how service is accomplished serve a dual purpose. In addition to being a prerequisite to investing a court with personal jurisdiction over the defendant, service of process has as its purpose notice to the named defendant that he has been brought into court as a party in a lawsuit and must take appropriate steps in defense. Unless he has validly waived notice, anyone against whom the heavy hand of litigation is raised is entitled to no less.

***Ferraro v. Patterson-Erie Corp.***, 313 A.3d 987, 999 (Pa. 2024) (citation and quotation marks omitted). "[N]otice is a fundamental requirement of due process, for a proceeding to be respected as final." ***Wilkes v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 383 (Pa. 2006).

> [T]he approach to determining what notice is adequate must be flexible and non-technical. Furthermore, due process does not

confer upon an individual the right to be deliberately obtuse to the nature of a proceeding.

*Id.* (internal citations omitted).

"Personal jurisdiction is a court's power to bring a person into its adjudicative process." *Grimm v. Grimm*, 149 A.3d 77, 83 (Pa. Super. 2016) (citation, brackets, and internal quotation marks omitted). "[E]ffective **service of process is <u>not the only means</u> by which a court acquires *in personam* jurisdiction**." *Sharpe v. McQuiller*, 206 A.3d 1179, 1184 (Pa. Super. 2019) (emphasis added). "Jurisdiction of the person may be obtained through consent, waiver or proper service of process." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. 2004) (citation omitted); *see also Gaboury v. Gaboury*, 988 A.2d 672, 675 (Pa. Super. 2009) ("Courts must resolve the question of personal jurisdiction based on the circumstances of each particular case.").

> **One can waive service of process by various means, and become a party to a suit by voluntary appearance.** A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.

*Fleehr*, 857 A.2d at 685 (internal citations and quotation marks omitted; emphasis added).

Instantly, we first address whether Father preserved his affirmative defense related to the absence of personal jurisdiction. "[U]nder the Pennsylvania Rules of Civil Procedure, an objection to personal jurisdiction

may be waived, if preliminary objections to a complaint raising the issue are not filed within twenty days after service." *Wagner v. Wagner*, 768 A.2d 1112, 1119 (Pa. 2001); *Silver v. Thompson*, 26 A.3d 514, 517 n.6 (Pa. Super. 2011) ("A party who fails to object to service of process in preliminary objections waives that claim."); *see also* Pa.R.C.P. 1032(a) (same). Rule of Civil Procedure 1028 permits parties to file preliminary objections to any pleading based on "lack of jurisdiction over … the person of the defendant, … or service of … a complaint[.]" Pa.R.C.P. 1028(a)(1). "Under the Pennsylvania Rules of Civil Procedure[,] the **exclusive method** by which a party may raise 'jurisdictional' objections is by preliminary objections." *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 255 (Pa. 1965) (citations omitted); *Bergere v. Bergere*, 527 A.2d 171, 173 (Pa. Super. 1987) ("[P]reliminary objections are the exclusive means by which to raise the question of *in personam* jurisdiction and the failure to so raise the question of personal jurisdiction constitutes a waiver of that defense." (citations omitted)).

Instantly, because Father filed no preliminary objections, he waived his challenge to personal jurisdiction and improper service of original process.[10]

---

[10] Although we acknowledge that Father proceeded *pro se* at all relevant times, this status entitles him to no special benefit. *S.S. v. T.J.*, 212 A.3d 1026, 1032 (Pa. Super. 2019) ("[A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." (internal citations and quotation marks omitted)).

*Wagner*, 768 A.2d at 1119; *Silver*, 26 A.3d at 517 n.6; Pa.R.C.P. 1032(a);

*see also* Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a),

5/14/25, at 5 (though not finding waiver of Father's claim, pointing out that

he filed no "preliminary objections to the Complaint by raising the issues of

improper service or personal jurisdiction.").

Even if not waived, we would determine that Father's claim merits no

relief. The trial court determined that "[Father] was deemed to have been

served pursuant to Pa.R.C.P. 1930.4(i) because he appeared for the support

conference" via phone on July 18, 2024.[11] Statement in Lieu of Opinion

---

[11] The trial court also found that Father had actual notice of the support conference, reasoning as follows:

> An order was issued on [June 21], 2024, directing both parties to appear for a support conference on July 18, 2024, at 1:00 p.m. by remote teleconference. This is the common practice of the Allegheny County Family Division for all child support matters. Unless [Father] had an issue that affected his ability to receive mail, [he] would have had express actual notice of the July 18, 2024, support conference.
>
> Even if [Father] did not have express actual notice of the [support] conference, he would have had implied actual notice when the [Domestic Relations] Officer contacted him on July 18, 2024. …. [Father] himself stated that when the Officer called him about the support conference, [Father] answered the phone and told the officer that he was not interested in participating. Based on these circumstances, the [trial] court finds that [Father] had implied actual notice of the support conference, regardless of whether he received any express notice via original process.

Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a), 5/14/25, at 8-9 (some capitalization and punctuation modified).

Pursuant to Pa.R.A.P. 1925(a), 5/14/25, at 7 (italics omitted); **see also** Pa.R.C.P. 1930.4(i), **supra**. The trial court further determined that Father

> appeared in person for Motions Court in October 2024. It is well established that appearing for a court proceeding constitutes consent to personal jurisdiction, and thereby waives any objection to personal jurisdiction.

Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a), 5/14/25, at 10 (footnote citation omitted); **see also Fleehr**, 857 A.2d at 685 (stating that an individual can "become a party to a suit by voluntary appearance."). We agree.

We are guided by our recent decision in **Forbes v. Forbes**, 315 A.3d 90 (Pa. Super. 2024) (unpublished memorandum),[12] **appeal denied**, 326 A.3d 92 (Pa. 2024), which we find persuasive and analogous. In **Forbes**, the mother of four minor children filed a complaint for child support against the children's father (appellant). **Id.** (unpublished memorandum at 1). The trial court scheduled the matter for a telephonic hearing (the teleconference). **Id.** Appellant conceded that, a few days prior to the teleconference, he received an email and a telephone call from the trial court notifying him to appear at the teleconference. **Id.** (unpublished memorandum at 6-7). Appellant "briefly appeared at the [teleconference] but declined to participate further after citing

---

[12] Pursuant to Pa.R.A.P. 126(b), this Court's unpublished memorandum decisions filed after May 1, 2019, may be cited for their persuasive value.

concerns with notice and service" of original process, discussed *infra*. **Id.** (unpublished memorandum at 7).

Following additional proceedings, the trial court entered a final child support order. **Id.** (unpublished memorandum at 1). Appellant subsequently "filed a *pro se* motion to vacate the … support order, arguing that he did not receive proper notice of [m]other's complaint for support[.]" **Id.** (unpublished memorandum at 2). Following a hearing, the trial court denied appellant's motion to vacate. **Id.**

Appellant filed a *pro se* appeal from the denial of his motion to vacate, asserting that "his procedural due process rights were violated when the trial court allowed legal action to proceed with a defective service of process." **Id.** (unpublished memorandum at 3) (citation, brackets, and quotation marks omitted). Specifically, appellant claimed that because he "did not receive personal service or proper notice of the [teleconference,]" the trial court lacked personal jurisdiction over him and, therefore, its child support order was void. **Id.** (unpublished memorandum at 4).

This Court affirmed, discerning no due process violation. Based upon Rule 1930.4(i), **supra**, we "deem[ed] [appellant] to have been served with notice of the support proceeding once he appeared for the teleconference." **Id.** (unpublished memorandum at 7) (citing Pa.R.C.P. 1930.4(i)).

Instantly, like the circumstances in **Forbes**, under the clear and unambiguous language of Rule 1930.4(i), Father was "deemed to have been

- 17 -

served" with original process when he appeared via telephone at the July 18, 2024, support conference (and subsequently, in-person in Motions Court). Pa.R.C.P. 1930.4(i); **Forbes**, **supra**; **see also Fleehr**, 857 A.2d at 685. We further reiterate that "due process does not confer upon [Father] the right to be deliberately obtuse to the nature of [the] proceeding." **Wilkes**, 902 A.2d at 383. Accordingly, even if not waived, Father's sole claim entitles him to no relief.

Based upon the foregoing, we conclude the trial court committed no error of law or abuse of discretion in denying Father's Renewed Motion to Dismiss.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/28/2026